# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| INCEPTION MINING, INC.; MICHAEL AHLIN; and TRENT D'AMBROSIO, <br><br> Plaintiffs, <br><br> v. <br><br> DANZIG, LTD.; ELLIOT FOXCROFT; and BRETT BERTOLAMI, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT** <br><br> Case No. 2:17-cv-00944-DN <br><br> District Judge David Nuffer |

Defendants assert seven counterclaims against Plaintiffs grounded in federal and state securities fraud; breach of contract; unjust enrichment; common law fraud; breach of fiduciary duty; and negligent misrepresentation.[1] Plaintiffs seek dismissal of each counterclaim for failure to state a claim,[2] and request a more definite statement on any counterclaim that survives dismissal.[3]

Because Defendants' Counterclaim asserts factual allegations and causes of action that are without distinction as to their applicability to each Defendant and each Plaintiff, the Counterclaim is unintelligible. A more definite statement is necessary to allow Plaintiffs to reasonably prepare a response, and to allow proper consideration of whether the allegations are

---

[1] Defendants' First Counterclaim ("Counterclaim"), docket no. 44, filed Apr. 12, 2018.

[2] Counterclaim Defendants' Motion and Memorandum to Dismiss and for a More Definite Statement Re: Defendants' First Counterclaim ("Motion") at 2-15, docket no. 45, filed Apr. 17, 2018.

[3] *Id*. at 15-17.

sufficient to state plausible claims for relief. Therefore, Plaintiffs' Motion[4] is GRANTED in part and DENIED without prejudice in part.

## DISCUSSION

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when a defendant's counterclaim, standing alone, is legally insufficient to state a claim on which relief may be granted.[5] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts is presumed, but conclusory allegations need not be considered.[6] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7] And legal conclusions and opinions will not be accepted, even if couched as facts.[8] Therefore, "[t]o survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[9] That is, the defendant must "plead[] factual content that allows the court to draw the reasonable inference that the [plaintiff] is liable for the misconduct alleged."[10]

When a counterclaim generally sets out a cognizable claim for relief, but the allegations are "so vague or ambiguous that the [plaintiff] cannot reasonably prepare a response[,]"[11] a more

---

[4] Docket no. 45, filed Apr. 17, 2018.

[5] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[6] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[7] *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009).

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

[9] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[10] *Id.*

[11] Fed. R. Civ. P. 12(e).

definite statement may be required under Fed. R. Civ. P. 12(e). This rule "is designed to correct pleadings that are unintelligible rather than pleadings that lack detail."[12]

Defendants' Counterclaim asserts seven causes of action against Plaintiffs.[13] These causes of action arise from a transaction involving four contracts which resulted in a publicly traded "shell" company being merged with a mining company, thereby allowing the mining company to be publicly traded.[14] The Counterclaim includes factual allegations regarding the transaction, the contracts, and the alleged misconduct.[15] But many of these allegations lump together *all* Defendants, Plaintiffs, and contracts without regard to the allegations' applicability to *each* Defendant and *each* Plaintiff.[16] The allegations set a general framework for Defendants' causes of action which could be sufficient to state plausible claims for relief in a straightforward case involving a single defendant, a single plaintiff, and a single contract. But in this factually complex case—involving three defendants, three plaintiffs, and four contracts—the allegations are vague and ambiguous.

The vague and ambiguous nature of the Counterclaim's allegations is particularly apparent when each of the causes of action is examined. For example, the Counterclaim asserts a single cause of action for breach of contract which is brought by all Defendants against all Plaintiffs and relates to all four contracts.[17] Plaintiffs cannot reasonably prepare a response to such a claim. Not all Defendants were party to each contract; nor were all Plaintiffs party to each

---

[12] *Swig Holdings, LLC v. Sodalicious, Inc.*, No. 2:15-cv-00307-DAK, 2015 WL 5999896, *1 (D. Utah Oct. 14, 2015) (quoting *Creamer v. Ellis Cnty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 484491, *1 (D. Kan. Feb. 26, 2009)).

[13] Counterclaim ¶¶ 76-114.

[14] *Id*. ¶¶ 7-8.

[15] *Id*. ¶¶ 6-16, 26-75.

[16] *Id*. ¶¶ 26-38, 42, 45-50, 67, 73-114.

[17] *Id*. ¶¶ 92-95.

contract.[18] Indeed, Plaintiffs Michael Ahlin and Trent D'Ambrosio are not named parties to any of the contracts.[19] The applicable state law may also vary among the four contracts—the Asset Purchase Agreement and the Foxcroft Agreement state that Utah law governs,[20] but the Debt Exchange Agreement and the Danzig Agreement are silent as to a governing state law. For Plaintiffs to reasonably prepare a response, Defendants must assert a separate breach of contract claim for *each* contract. At a minimum, these claims would have to identify the applicable contract; the Defendant(s) asserting the claim; the Plaintiff(s) against whom the claim is asserted; the act(s) of each specified Plaintiff that constitutes a breach of the contract; and the damages each specified Defendant suffered as a result of the breach.[21]

Defendants must also take similar measures for each of the other six causes of action asserted in their Counterclaim. These causes of action and the allegations supporting them are pleaded without distinction as to their applicability to each Defendant and each Plaintiff.[22] But to permit Plaintiffs to reasonably prepare a response, distinction is necessary. The factual circumstances of this case demand that Defendants not assert generalized allegations that "Defendants" were harmed by the misconduct of "Plaintiffs." Rather, the allegations must specify the misconduct of *each* Plaintiff and how that misconduct harmed *each* Defendant. Discrete causes of action are necessary. And the factual allegations must be sufficient to show

---

[18] *Id*. ¶¶ 31, 51; Asset Purchase Agreement, docket no. 44-1, filed Apr. 12, 2018; Debt Exchange Agreement, docket no. 44-2, filed Apr. 12, 2018; Agreement to Engage Danzig Ltd Business Consultant for Gold American Mining Corp ("Danzig Agreement"), docket no. 44-3, filed Apr. 12, 2018; Consulting Agreement ("Foxcroft Agreement"), docket no. 44-5, filed Apr. 12, 2018.

[19] Counterclaim ¶¶ 31, 51; Asset Purchase Agreement; Debt Exchange Agreement; Danzig Agreement; Foxcroft Agreement.

[20] Asset Purchase Agreement § 6.6; Foxcroft Agreement ¶ 6.

[21] *Bair v. Axiom Design, LLC*, 20 P.3d 388, 392 (Utah 2001).

[22] Counterclaim ¶¶ 76-91, 96-114.

that a plausible claim for relief is being brought by *each* applicable Defendant against *each* applicable Plaintiff.

Moreover, Defendants' causes of action for federal and state securities fraud, common law fraud, and negligent misrepresentation must be pleaded with particularity.[23] That is, the allegations must specifying the content of *each* statement alleged to have been false or misleading; who made the statement and to whom; when and where the statement was made; the reasons why the statement was false or misleading; how the statement was relied upon; and the consequences of such reliance.[24] And for federal securities fraud, if a particular state of mind is required for the claim, the allegations must give rise to a strong inference that the party acted with that state of mind.[25]

Defendants' attempt to clarify their Counterclaim in responding to Plaintiffs' Motion does not rectify the vague and ambiguous nature of their allegations and causes of action. Defendants state:

> Each Count of Defendants' Counterclaim is alleged against all Plaintiffs. However, due to arbitration proceedings already taking place between Danzig, Ltd. and Inception Mining Inc. in Boston and between Foxcroft and Inception Mining Inc. in Salt Lake City, Defendants Danzig, Ltd. and Foxcroft allege their claims here against only the Individual Plaintiffs.[26]
>
> Defendant Danzig Ltd. Alleges all of its claims against Plaintiffs D'Ambrosio and Ahlin. Defendant Elliott Foxcroft alleges all of his claims against Plaintiffs D'Ambrosio and Ahlin. Defendant Bertolami alleges all of his claims against all Plaintiffs.[27]

---

[23] Fed. R. Civ. P. 9(b); *Andersen v. Homecomings Fin., LLC*, No. 2:11-cv-00332-TS, 2011 WL 3626828, *3 (D. Utah Aug. 17, 2011) (citing *Atkinson v. ICH Hosps., Inc.*, 798 P.2d 733, 737 (Utah 1990); *Coroles v. Sabey*, 79 P.3d 974 (Utah Ct. App. 2003)).

[24] *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997); 15 U.S.C. § 78u-4(b)(1).

[25] 15 U.S.C. § 78u-4(b)(2)(A).

[26] Defendants' Opposition to Plaintiffs' Motion to Dismiss Defendants' Counterclaims ("Response") at 10, docket no. 52, filed May 15, 2018

[27] *Id*. at 10, n.42.

But there are seven causes of action in Defendants' Counterclaim, and each of these causes of action is brought by all Defendants against all Plaintiffs.[28] The Counterclaim does not distinguish between the allegations and claims of each Defendant.

In its current form, Defendants' Counterclaim is unintelligible due to the vague and ambiguous grouping of Defendants and Plaintiffs in its allegations and causes of action. Plaintiffs cannot reasonably prepare a response, and proper consideration of whether plausible claims for relief have been stated against *each* Plaintiff is impeded. Therefore, a more definite statement is necessary.

Additionally, while Plaintiffs raise a viable statute of limitations defense to Defendants' securities fraud and common law fraud counterclaims,[29] Defendants have not had the opportunity to allege facts to support their argument for equitable estoppel of that defense.[30] Therefore, fairness dictates that Defendants be permitted that opportunity through amendment of their Counterclaim.[31]

---

[28] Counterclaim ¶¶ 76-114.

[29] Motion at 5-6, 13.

[30] Response at 10-14.

[31] *Brough v. O.C. Tanner Co.*, No. 2:16-cv-01134-TS, 2017 WL 1102622, *3 (D. Utah Mar. 23, 2017).

**ORDER**

IT IS HEREBY ORDERED that Plaintiffs' Motion[32] is GRANTED as to its request for a more definite statement, but DENIED without prejudice as to its request for dismissal of Defendants' counterclaims. By no later than December 14, 2018, Defendants shall file an amended counterclaim which is consistent with this Memorandum Decision and Order.

Signed November 29, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[32] Docket no. 45, filed Apr. 17, 2018.